

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable C. S. Clark, Chairman
Board of Water Engineers
Austin, Texas

Dear Mr. Clark:                    Opinion No. O-6645

Re: Does a water control and im-
provement district, created under
Chapter 3A, Articles 7880-1 to
7880-147z, Vernon's Annotated Civil
Statutes, with their various sub-
divisions, have authority to con-
struct and maintain levees and
flood-control projects, and to pur-
chase the necessary rights-of-way
therefor, and related question.

        Your letter of June 9, 1945, has been given our care-
ful consideration. In said letter you ask the following ques-
tions:

        "1. Does a water control and improvement dis-
trict, created under the provisions of Chapter 3A,
Articles 7880-1 to 7880-147z, V.A.C.S., have author-
ity to construct and maintain levees and flood con-
trol projects, and to purchase the necessary rights-
of-way therefor. In connection with this question,
your attention is directed to Articles 7880-2,
7880-3, and 7880-3a, V.A.C.S.

        "2. If you answer the above question in the af-
firmative, can a water control and improvement dis-
trict be created in all or any one of the aforemen-
tioned counties notwithstanding the existence of the
other agencies hereinbefore named? In connection
with this question, your attention is directed to
Article 7880-4 V.A.C.S."

        We have carefully read the Articles referred to in
the statutes. They give water control and improvement dis-
tricts almost plenary powers. Unquestionably, such a district

organized and created under the provisions of said statutes would have and does have authority to construct and maintain levees and flood control projects, and purchase the necessary rights-of-way therefor. If they did not have these rights, the districts could not, of course, carry out the purposes and objects for which created.

In answer to your second question, Article 7880-4, to which you refer, provides specifically that a district organized under the provisions of said Chapter "may include the area of any county or counties, or any portion thereof, * * * provided that no district provided for in this Act shall embrace territory situated in more than one county except by a majority vote of the property tax-paying voters residing within the territory in each county sought to be embraced within said district."

Of course, a water-control and improvement district created would be subject to and limited by the rights of any and all other districts or agencies that had been organized or created, and which embraced the land, or any portion thereof, named in the last district created. In other words, the junior district created would not be authorized to curtail, or in any way interfere with prior districts that had been created under and in virtue of said statutes.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Geo. V. Barcus_

Geo. V. Barcus
Assistant

GWB-MB

APPROVED JUN 23 1945

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN